**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Leland Neal, ) | No. CIV 07-8025-PCT-SMM |
| )  Plaintiff, ) | **TEMPORARY RESTRAINING ORDER** |
| vs. ) | |
| ) State of Arizona, et al., ) | |
| )  Defendants. ) | |

Pending before the Court is Plaintiff Richard Leland Neal's ("Plaintiff") Ex Parte Motion for an Immediate Hearing on Plaintiff's Temporary Restraining Order (Dkt. 8) and Motion for Temporary Restraining Order (Dkt. 3).

**BACKGROUND**

This action arises out of a traffic stop occurring in Kingman, Arizona on March 9, 2007. An officer of the City of Kingman's Police Department issued Plaintiff tickets for: (1) driving on a suspended license and (2) failure to yield to a traffic control device. (Dkt. 1, Ex. 1) Plaintiff's car was impounded and subsequently stored in the Great West Tow Yard for at least one month. (Dkt. 1, Ex. 2) Plaintiff, a proclaimed member of the Pembina Nation Little Shell Ban of North America ("Pembina Nation"), seeks to enjoin the state from enforcing its motor vehicle licensing, registration and titling requirements against him. According to Plaintiff, the state should extend reciprocity privileges to vehicle registrations and driver's licenses issued by the Pembina Nation since "it stands without question ... that

the Pembina Nation Little Shell Tribe exists and is recognized as having the full respect required in any government-to-government relationship...." (Dkt. 4, ¶ 14)  Plaintiff alleges that he has a valid driver's license issued under the Pembina Nation Transportation Code ("PNTC"), but the state refuses to recognize the legitimacy of his license or the PNTC.

On June 1, 2007, Plaintiff filed a Complaint, a Motion for Preliminary Injunction, a Motion for Temporary Restraining Order, and a Request for Judicial Notice. (respectively, Dkts. 1, 2, 3, 5)  Plaintiff filed a Notice of Removal on June 8, 2007 (Dkt. 6) and an Ex Parte Motion for Immediate Hearing on Plaintiff's Temporary Restraining Order (Dkt. 8).  A summons was issued to the named defendants on June 6, 2007; however, Plaintiff, appearing *pro se*, has not provided formal or informal proof of service or certified to the court in writing the efforts which have been made to give notice.

## STANDARD OF REVIEW

The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65; Chalk v. U.S. Dist. Court, 840 F.2d 701, 705 (9th Cir. 1988); Regents of the University of California v. A.B.C., Inc., 747 F.2d 511, 515 (9th Cir. 1984).  While Rule 65 of the Federal Rules of Civil Procedure establishes the procedural requirements for obtaining a temporary restraining order, the substantive requirements for injunctions are defined by applicable federal case law and statutes.

To qualify for a temporary restraining order, the moving party must demonstrate either (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that the lawsuit raises serious questions and the balance of hardship tips sharply in the movant's favor.  Hoopa Valley Tribe v. Christie, 812 F.2d 1097, 1102 (9th Cir. 1986).  These two formulations "are not separate tests but the outer reaches of single continuum." Regents of Univ. of Cal., 747 F.2d at 515.  "Essentially, the ...court must balance the equities in the exercise of its discretion." Id.

## DISCUSSION

The Court has considered the Verified Complaint in this action, the memorandum of law in support of Plaintiff's Motion, and the supporting documentation.

**A. Motion for an Immediate Hearing on Plaintiff's Temporary Restraining Order**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if:

> (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and
> (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In the present case, the Court finds that it is not clearly apparent that an immediate and irreparable injury, loss or damage will result before the adverse parties or their attorneys can be heard in opposition. Plaintiff's asserted injuries are: (1) loss of property, (2) loss of revenue, (3) loss of time spent not servicing other business opportunities, (4) emotional distress, loss of reputation, and mental anguish, (5) loss of freedom to travel, and (6) loss of freedom. According to Plaintiff, Pembina tribal members must frequently travel to Arizona to conduct business, obtain auto repairs, receive medical services and shop for products unavailable elsewhere. (Dkt. 1, ¶ 56). Plaintiff contends that because Pembina tribal members cannot comply with both tribal and state licensing and registration requirements, they will be unable to travel in Arizona without renting a vehicle or breaking the state's laws. Plaintiff's alleged injuries, however, are not clearly apparent based upon the materials submitted to the Court. Plaintiff cites certain provisions of the Pembina Nation Transportation Code, yet he has not presented any evidence apart from these citations that such a Code exists. Plaintiff has not provided a copy of a Pembina Nation driver license, or motor vehicle registration, nor has he provided the Court with any way to access the Code to confirm its existence. Without any evidence that a Pembina Nation Transportation Code exists, verification of tribal enrollment or proof that Plaintiff or any other member of the Pembina Nation is licensed or registered under the Code, it is not clearly apparent to the Court that an immediate or irreparable injury, loss or damage may result before notice can

be provided to the adverse party.  In addition, Plaintiff has not certified to the court in writing the efforts which have been made to give notice to the adverse parties and the reasons supporting the claim that notice should not be required.  Therefore, because Plaintiff has not satisfied the requirements of Fed. R. Civ. P. 65(b), the Court will deny Ex Parte Motion for an Immediate Hearing on Plaintiff's Temporary Restraining Order.

### B.  Motion for Temporary Restraining Order

Plaintiff moves the Court to issue a temporary restraining order and preliminary injunction to enjoin the State of Arizona, Robert Devries, Rochelle Silva, Tom Sheahan, Roger Vanderpool, Victor M. Mendiz, and the City of Kingman (collectively "Defendants") from enforcing Arizona's motor vehicle licensing, registration and titling laws in a manner that prohibits or impairs the use of the Pembina Nation's Transportation Code ("PNTC") in Arizona until the constitutionality and federal preemption of such state laws are adjudicated.

To qualify for a temporary restraining order, the moving party must demonstrate either (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that the lawsuit raises serious questions and the balance of hardship tips sharply in the movant's favor.  Hoopa Valley Tribe v. Christie, 812 F.2d 1097, 1102 (9th Cir. 1986).  These two formulations "are not separate tests but the outer reaches of single continuum." Regents of Univ. of Cal., 747 F.2d at 515.  "Essentially, the ...court must balance the equities in the exercise of its discretion." Id.

The Court finds that Plaintiff does not qualify for a temporary restraining order because he has not demonstrated a probability of success on the merits or that this lawsuit raises serious questions.  As Plaintiff repeatedly emphasizes in his filings, Indian tribes possess the sovereign authority to license and register tribal vehicles. Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 823 (10th Cir. 2007); Red Lake Band of Chippewa Indians v. Minnesota, 311 Minn. 241, 248 N.W.2d 722, 725 (1976); *see also* Queets Band of Indians v. Washington, 765 F.2d 1399, 1403 (9th Cir. 1985) (Indian tribes possess the sovereign authority to license and register tribal vehicles."), *vacated as moot*, 783 F.2d 154 (9th Cir. 1986).  The Court agrees with this assertion; however, all of the cited

1 authority involves federally recognized groups with licensing and registration systems and
2 areas of land designated as reservations. This case involves a member of an unrecognized
3 band, as opposed to a tribe, traveling on state land. The Pembina Nation, the entity whose
4 authority to promulgate a license and registration system is at issue in this case, is not a
5 federally recognized tribe. *Delorme v. United States*, 354 F.3d 810, 814 (8th Cir. 2004)
6 (stating that the Little Shell Pembina Band of North America is a federally unrecognized
7 band located in North Dakota). Moreover, the Bureau of Indian Affairs does not recognize
8 the Pembina Nation as an entity eligible to receive services. *See* <u>Indian Entities Recognized
9 and Eligible to Receive Services from the United States Bureau of Indian Affairs</u>, 72 Fed.
10 Reg. 13647 (Mar. 22, 2007). Without federal recognition a tribe has no legal relationship
11 with the federal government and lacks the federally sanctioned authority to function legally
12 and politically. Although the Court does not doubt the existence of the Pembina Nation,
13 Plaintiff has provided no evidence to show that the Pembina Nation is a self-governing entity
14 with an established motor vehicle licensing and registration system. In addition, since it is
15 an unrecognized band, the case law Plaintiff relies upon is distinguishable since those cases
16 all involved federally recognized groups. Therefore, without any evidence that the Pembina
17 Nation is vested with the authority to function as a sovereign entity and that it has, in fact,
18 established a motor vehicle licensing and registration system, the Court will not issue a
19 temporary restraining order.

## CONCLUSION

21 Accordingly, for the reasons set forth above,

22 **IT IS ORDERED DENYING** Plaintiff's Ex Parte Motion for an Immediate Hearing
23 on Plaintiff's Temporary Restraining Order (Dkt. 8).

24 **IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for Temporary
25 Restraining Order. (Dkt. 3)

26 DATED this 25th day of June, 2007.

_____
Stephen M. McNamee
United States District Judge