**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Leland Neal, ) | No. CIV 07-8025-PCT-SMM |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| ) | |
| vs. ) | |
| ) | |
| State of Arizona, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiff Richard Leland Neal's ("Plaintiff") Request for Judicial Notice in Support of Plaintiff's Complaint, Temporary Restraining Order and Preliminary Injunction. (Dkt. 12) This is Plaintiff's second request for judicial notice.(Dkt. 5) Accompanying Plaintiff's most recent Request for Judicial Notice is a Memorandum in Support of Plaintiff's Motion to Reconsider Temporary Restraining Order. (Dkt. 13) The Court will construe the filings as a Motion to Reconsider since Plaintiff is requesting the Court to revisit its earlier ruling denying his Motion for Temporary Restraining Order.

### BACKGROUND

This action arises out of a traffic incident occurring in Kingman, Arizona on March 9, 2007. An officer of the City of Kingman's Police Department issued Plaintiff tickets for: (1) driving on a suspended license and (2) failure to yield to a traffic control device. (Dkt. 1, Ex. 1) The car Plaintiff was driving was impounded and subsequently stored in the Great West Tow Yard for at least one month. (Dkt. 1, Ex. 2)  Plaintiff, a proclaimed member of

1  the Pembina Nation Little Shell Ban of North America ("Pembina Nation"), seeks to enjoin
2  the state from enforcing its motor vehicle licensing, registration and titling requirements
3  against him. According to Plaintiff, the state should extend reciprocity privileges to vehicle
4  registrations and driver's licenses issued by the Pembina Nation since "it stands without
5  question ... that the Pembina Nation Little Shell Tribe exists and is recognized as having the
6  full respect required in any government-to-government relationship...." (Dkt. 4, ¶ 14)
7  Plaintiff alleges that he has a valid driver's license issued under the Pembina Nation
8  Transportation Code ("PNTC"), but the state refuses to recognize the legitimacy of his
9  license or the PNTC.

10  On June 1, 2007, Plaintiff filed a Complaint, a Motion for Preliminary Injunction, a
11  Motion for Temporary Restraining Order, and a Request for Judicial Notice. (respectively,
12  Dkts. 1, 2, 3, 5) Plaintiff filed a Notice of Removal on June 8, 2007 (Dkt. 6) and an Ex Parte
13  Motion for Immediate Hearing on Plaintiff's Temporary Restraining Order (Dkt. 8). In an
14  Order dated June 27, 2007 (Dkt. 9), the Court denied Plaintiff's Motion for Temporary
15  Restraining Order and Ex Parte Motion for Immediate Hearing on Plaintiff's Temporary
16  Restraining Order.

17  Presently, Plaintiff objects to the Court's Order denying his motion for temporary
18  restraining order and ex parte motion for immediate hearing and moves the Court to
19  reconsider its ruling.

20  **STANDARD OF REVIEW**

21  The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." A
22  litigant subject to an adverse judgment may file either a motion to alter or amend the
23  judgment under Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule
24  60(b). However, these rules only provide relief from judgments that are "final, appealable
25  orders." United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Rule 59(e) allows
26  for the alteration or amendment of a "judgment" within ten days after "entry of the
27  judgment," FED. R. CIV. P. 59(e), where "judgment" is defined as a decree and any order from
28  which an appeal lies. FED. R. CIV. P. 54(a). Rule 60(b) does not provide relief from

judgments, orders, or proceedings which are not "final," that is, are not final decisions within the meaning of 28 U.S.C. § 1291 and generally cannot be appealed immediately. See Sch. Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir. 1958); see also FED. R. CIV. P. 60(b) advisory committee's note ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

Nevertheless, the trial court has the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Lundgren, 259 F.2d at 104; see generally also John Simmons Co. v. Grier Bros. Co., 258 U.S. 82 (1922).

Under the "law of the case doctrine," courts do not "reexamine an issue previously decided by the same or higher court in the same case." Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. Arizona v. California, 460 U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) there has been an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). A district court abuses its discretion when it applies the doctrine of the law of the case without one of these five requisite conditions. Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993).

**DISCUSSION**

**A. Plaintiff's Requests for Judicial Notice**

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). "But a court may not take judicial notice of a fact that is "subject to a reasonable dispute." Fed. R. Evid. 201(b); *Lee*, 250 F.3d at 689.

1    Here, the Court will take judicial notice of matters of public record, such as the matter
2  currently pending in Kingman arising from the March 9, 2007 traffic incident. However,
3  facts subject to a reasonable dispute, such as the majority of facts contained in Plaintiff
4  Affidavit of Undisputed Facts (Dkt. 14), will not be considered.

5    **B. Plaintiff's Motion to Reconsider**

6    The trial court has the inherent power to reconsider, set aside, or amend interlocutory
7  orders at any time prior to entry of a final judgment. <u>Lundgren</u>, 259 F.2d at 104. Plaintiff's
8  motion simply presents new facts that were inexcusably not presented in the Motion for
9  Temporary Restraining Order and Ex Parte Motion for Immediate Hearing on Plaintiff's
10  Temporary Restraining Order and reargues the issues already ruled on by the Court.
11  Nonetheless, the Court has considered the new facts presented by Plaintiff and remains
12  unconvinced that he has demonstrated a probability of success on the merits sufficient to
13  qualify for a temporary restraining order.

14    Accordingly,

15    **IT IS HEREBY ORDERED** that Plaintiff's Requests for Judicial Notice (Dkts. 5,
16  12) are **GRANTED IN PART**. In resolving the instant Motion to Reconsider, the Court
17  took judicial notice of only matters of public record. Facts subject to a reasonable dispute,
18  such as the majority of the statements contained in Plaintiff's Affidavit of Undisputed Facts,
19  will not be considered.

20    **IT IS FURTHER ORDERED DENYING** Plaintiff's Motion to Reconsider
21  Temporary Restraining Order (Dkt. 13).

22    DATED this 11th day of July, 2007.

Stephen M. McNamee
United States District Judge

- 4 -