**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Leland Neal,<br><br>            Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. CIV 07-8025-PCT-SMM

**ORDER**

After reviewing the Court's records, including the Complaint, the Motion for Preliminary injunction, the Motion for Temporary Restraining Order, the Request for Judicial Notice and the Affidavit of Undisputed Face provided by Plaintiff Richard Leland Neal and all of the related filings, the Court has determined that it lacks subject matter jurisdiction over this matter. Accordingly, for the reasons set forth below, this case will be dismissed with prejudice.

**I.    BACKGROUND**

This action arises out of a traffic incident occurring in Kingman, Arizona on March 9, 2007. An officer of the City of Kingman's Police Department issued Plaintiff tickets for: (1) driving on a suspended license and (2) failure to yield to a traffic control device. (Dkt. 1, Ex. 1) The car Plaintiff was driving was impounded and subsequently stored in the Great West Tow Yard for at least one month. (Dkt. 1, Ex. 2) Plaintiff, a proclaimed member of the Pembina Nation Little Shell Ban of North America ("Pembina Nation"), seeks to enjoin

the state from enforcing its motor vehicle licensing, registration and titling requirements against him. According to Plaintiff, the state should extend reciprocity privileges to vehicle registrations and driver's licenses issued by the Pembina Nation since "it stands without question ... that the Pembina Nation Little Shell Tribe exists and is recognized as having the full respect required in any government-to-government relationship...." (Dkt. 4, ¶ 14) Plaintiff alleges that he has a valid driver's license issued under the Pembina Nation Transportation Code ("PNTC"), but the state refuses to recognize the legitimacy of his license or the PNTC.

On June 1, 2007, Plaintiff filed a Complaint, a Motion for Preliminary Injunction, a Motion for Temporary Restraining Order, and a Request for Judicial Notice. (respectively, Dkts. 1, 2, 3, 5)  Plaintiff filed a Notice of Removal on June 8, 2007 (Dkt. 6) and an Ex Parte Motion for Immediate Hearing on Plaintiff's Temporary Restraining Order (Dkt. 8).  In an Order dated June 27, 2007 (Dkt. 9), the Court denied Plaintiff's Motion for Temporary Restraining Order and Ex Parte Motion for Immediate Hearing on Plaintiff's Temporary Restraining Order.  Plaintiff objected to the Court's Order denying his Motion for Temporary Restraining Order, which the Court construed as a motion to reconsider and subsequently denied.  Plaintiff has applied for the entry of default against all of the defendants; however, the Clerk of Court refused to enter default as the defendants have filed motions to dismiss.

## II.     DISCUSSION

Rule 8(a)(1) of the Federal Rules of Civil Procedure provides, in relevant part, "A pleading which sets forth a claim for relief ... shall contain (a) a short and plain statement of the grounds upon which the court's jurisdiction depends ...."  The lack of subject matter jurisdiction may be raised by the court *sua sponte* at any stage in the proceeding.  "Nothing is to be more jealously guarded by a court than its jurisdiction" because '[j]urisdiction is what its power rests upon." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988), overruled on other grounds, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).

Based on a review of the Complaint, the Court finds that Plaintiff has failed to allege a proper basis for invoking this Court's jurisdiction.  Plaintiff asserts the existence of

1  jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1362 and 1367(a). (Dkt. 1).  First,

2  Plaintiff has not provided a well-pleaded federal cause of action that could serve as a basis

3  for this lawsuit pursuant to § 1331.  Plaintiff's Complaint consists of a string of conclusory

4  allegations, most of which are difficult to decipher.  Without a federal cause of action on

5  which to base the Court's jurisdiction, the Court will cannot exercise supplemental

6  jurisdiction over Plaintiff's state law claims for breach of contract pursuant. *See* 28 U.S.C.

7  § 1367(a).  Plaintiff cannot establish jurisdiction under §1362 since it only applies to civil

8  actions brought by a tribe or band with a governing body recognized by the Secretary of the

9  Interior. *See* 28 U.S.C. § 1362.  Plaintiff is bringing this action on his own, not his band's

10 behalf.  Morever, even if Plaintiff had brought this action on behalf of his band, as he admits

11 in his own Complaint, the Pembina Nation is not federally recognized.  Plaintiff cannot

12 establish diversity jurisdiction under 28 U.S.C. § 1332 since all of the parties are citizens of

13 Arizona.  Finally, the Court finds that Plaintiff has not demonstrated a deprivation of any

14 right provided by the Constitution or an Act of Congress that would establish jurisdiction

15 pursuant to 28 U.S.C. § 1343.  Plaintiff's Complaint has which is based on traffic tickets for

16 driving on a suspended driver's licence and failing to yield to a traffic control device and his

17 claims arise from the alleged failure to recognize the transportation code of a band that is not

18 federally recognized. Federal courts are presumptively without jurisdiction over civil actions

19 and the burden of establishing that jurisdiction exists rests upon the party asserting

20 jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  In light of Plaintiff's

21 failure to meet his burden of establishing this Court's jurisdiction, the Complaint will be

22 dismissed without prejudice.

23 **III.    CONCLUSION**

24        Accordingly, for the reasons set forth above,

25 **IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

26 **IT IS FURTHER ORDERED** that if Plaintiff does not elect to file an amended complaint

27 alleging federal court jurisdiction by **September 27, 2007**, then the Clerk of Court shall

28 dismiss this action for lack of jurisdiction without further order of the Court.

1    DATED this 13th day of September, 2007.

2

3

4

5

6

7

8                                         Stephen M. McNamee
                                          United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28