**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Leland Neal,<br><br>      Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>      Defendants. | No. CIV 07-8025-PCT-SMM<br><br>**AMENDED ORDER** |

After reviewing the Court's records, including the Complaint, the Motion for Preliminary injunction, the Motion for Temporary Restraining Order, the Request for Judicial Notice and the Affidavit of Undisputed Face provided by Plaintiff Richard Leland Neal and all of the related filings, the Court has determined that it lacks subject matter jurisdiction over this matter. Accordingly, for the reasons set forth below, this case will be dismissed without prejudice.

**I.     BACKGROUND**

This action arises out of a traffic incident occurring in Kingman, Arizona on March 9, 2007. An officer of the City of Kingman's Police Department issued Plaintiff tickets for: (1) driving on a suspended license and (2) failure to yield to a traffic control device. (Dkt. 1, Ex. 1) The car Plaintiff was driving was impounded and subsequently stored in the Great West Tow Yard for at least one month. (Dkt. 1, Ex. 2)  Plaintiff, a proclaimed member of the Pembina Nation Little Shell Band of North America ("Pembina Nation"), seeks to enjoin

1  the state from enforcing its motor vehicle licensing, registration and titling requirements
2  against him. According to Plaintiff, the state should extend reciprocity privileges to vehicle
3  registrations and driver's licenses issued by the Pembina Nation since "it stands without
4  question ... that the Pembina Nation Little Shell Tribe exists and is recognized as having the
5  full respect required in any government-to-government relationship...." (Dkt. 4, ¶ 14)
6  Plaintiff alleges that he has a valid driver's license issued under the Pembina Nation
7  Transportation Code ("PNTC"), but the state refuses to recognize the legitimacy of his
8  license or the PNTC.

9  On June 1, 2007, Plaintiff filed a Complaint, a Motion for Preliminary Injunction, a
10 Motion for Temporary Restraining Order, and a Request for Judicial Notice. (respectively,
11 Dkts. 1, 2, 3, 5) Plaintiff filed a Notice of Removal on June 8, 2007 (Dkt. 6) and an Ex Parte
12 Motion for Immediate Hearing on Plaintiff's Temporary Restraining Order (Dkt. 8). In an
13 Order dated June 27, 2007 (Dkt. 9), the Court denied Plaintiff's Motion for Temporary
14 Restraining Order and Ex Parte Motion for Immediate Hearing on Plaintiff's Temporary
15 Restraining Order. Plaintiff objected to the Court's Order denying his Motion for Temporary
16 Restraining Order, which the Court construed as a motion to reconsider and subsequently
17 denied. Plaintiff has applied for the entry of default against all of the defendants; however,
18 the Clerk of Court refused to enter default as the defendants have filed motions to dismiss.

19 **II.    DISCUSSION**

20 Rule 8(a)(1) of the Federal Rules of Civil Procedure provides, in relevant part, "A
21 pleading which sets forth a claim for relief ... shall contain (a) a short and plain statement of
22 the grounds upon which the court's jurisdiction depends ...."  The lack of subject matter
23 jurisdiction may be raised by the court *sua sponte* at any stage in the proceeding. "Nothing
24 is to be more jealously guarded by a court than its jurisdiction" because '[j]urisdiction is what
25 its power rests upon." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988), overruled on other
26 grounds, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).

27 Based on a review of the Complaint, the Court finds that Plaintiff has failed to allege
28 a proper basis for invoking this Court's jurisdiction. Plaintiff asserts the existence of

jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1362 and 1367(a). (Dkt. 1). First, Plaintiff has not provided a well-pleaded federal cause of action that could serve as a basis for this lawsuit pursuant to § 1331. Plaintiff's Complaint consists of a string of conclusory allegations, most of which are difficult to decipher. Without a federal cause of action on which to base the Court's jurisdiction, the Court will cannot exercise supplemental jurisdiction over Plaintiff's state law claims for breach of contract pursuant. *See* 28 U.S.C. § 1367(a). Plaintiff cannot establish jurisdiction under §1362 since it only applies to civil actions brought by a tribe or band with a governing body recognized by the Secretary of the Interior. *See* 28 U.S.C. § 1362. Plaintiff is bringing this action on his own, not his band's behalf. Morever, even if Plaintiff had brought this action on behalf of his band, as he admits in his own Complaint, the Pembina Nation is not federally recognized. Plaintiff cannot establish diversity jurisdiction under 28 U.S.C. § 1332 since all of the parties are citizens of Arizona. Finally, the Court finds that Plaintiff has not demonstrated a deprivation of any right provided by the Constitution or an Act of Congress that would establish jurisdiction pursuant to 28 U.S.C. § 1343. Plaintiff's Complaint has which is based on traffic tickets for driving on a suspended driver's licence and failing to yield to a traffic control device and his claims arise from the alleged failure to recognize the transportation code of a band that is not federally recognized. Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing that jurisdiction exists rests upon the party asserting jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). In light of Plaintiff's failure to meet his burden of establishing this Court's jurisdiction, the Complaint will be dismissed without prejudice.

**III.   CONCLUSION**

Accordingly, for the reasons set forth above,

//

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

- 3 -

**IT IS FURTHER ORDERED** that if Plaintiff does not elect to file an amended complaint alleging federal court jurisdiction by **September 27, 2007**, then the Clerk of Court shall dismiss this action for lack of jurisdiction without further order of the Court.

DATED this 14th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge